UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, the chapter 7 trustee for the bankruptcy estates of ITT Educational Services, Inc., ESI Service Corp., and Daniel Webster College, Inc., | ) ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| SEI, INC. d/b/a SERVICE EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND**
**550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Deborah J. Caruso, the chapter 7 trustee (the "Trustee") in the chapter 7 bankruptcy cases of ITT Educational Services, Inc. ("ITT"), ESI Service Corp. ("ESI"), and Daniel Webster College, Inc. ("Webster College," and together with ITT and ESI, the "Affiliated Debtors"), and as plaintiff in the above-captioned adversary proceeding, by counsel, hereby alleges for her *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") against SEI, Inc. d/b/a Service Express, Inc. (the "Defendant"), as follows:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is commenced pursuant to sections 502, 547, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Each count of this adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2).

5. As required by Bankruptcy Rule 7008, the Trustee consents to entry of final orders or judgment by the Court.

## THE PARTIES

6. On September 16, 2016 (the "Petition Date"), the Affiliated Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed interim trustee under section 701 of the Bankruptcy Code in each of the Affiliated Debtors' bankruptcy cases on the Petition Date, and in accordance with section 702(d) of the Bankruptcy Code, became the permanent case trustee on November 1, 2016 following the conclusion of the meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code.

7. Upon information and belief, the Defendant is a company incorporated under the laws of the state of Michigan, with its principal place of business located at 3854 Broadmoor Avenue SE, Suite 101, Grand Rapids, MI  49512.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

8. The Trustee restates and realleges the allegations contained in paragraphs 1

2

through 7 above, as if fully set forth herein.

9. During the ninety (90) days immediately preceding the Petition Date (the "Preference Period"), the Defendant received transfers of an interest the Affiliated Debtors in property in an amount not less than $66,365.25 (the "Transfer" or "Transfers") that were to or for the benefit of the Defendant. The details of each Transfer are set forth in Exhibit 1 attached and incorporated herein.

10. At the time of each Transfer listed in Exhibit 1, the Defendant was a creditor of the Affiliated Debtors.

11. The Transfers were for or on account of an antecedent debt owed by the Affiliated Debtors before the Transfers were made.

12. The Transfers were made while the Affiliated Debtors were insolvent.

13. The Transfers enabled the Defendant to receive more than the Defendant would have received if the case were a case under chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and the Defendant received payment of such debt to the extent provided by the provision of the Bankruptcy Code.

14. Pursuant to section 547(b) of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant avoiding the Transfers.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendant (i) declaring that the Transfers are avoidable preferences pursuant to section 547(b) of the Bankruptcy Code; (ii) avoiding the Transfers; and (iii) granting the Trustee all other just and proper relief.

## COUNT II
### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

15. The Trustee restates and realleges the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein.

16. To the extent one or more of the Transfers are not avoidable under section 547 of the Bankruptcy Code, the Trustee alternatively alleges that such Transfers were fraudulent.

17. The Transfers were not in exchange for reasonably equivalent value.

18. The Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Affiliated Debtors were or became indebted on or after the date that the Transfers were made.

19. The Transfers were made when the Affiliated Debtors (a) were insolvent or became insolvent as a result of such transfer; (b) were engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the Affiliated Debtors was unreasonably small capital; or (c) intended to incur, or believed that the Affiliated Debtors would incur debts that would be beyond the Affiliated Debtors' ability to pay as such debts matured.

20. Pursuant to section 548(a) of the Bankruptcy Code, the Trustee is entitled to judgment against the Defendant avoiding the Transfers.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendant (i) declaring that the Transfers are avoidable pursuant to section 548(a) of the Bankruptcy Code; (ii) avoiding the Transfers; and (iii) granting the Trustee all other just and proper relief.

## COUNT III
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

21. The Trustee restates and realleges the allegations contained in paragraphs 1

4

through 20 above, as if fully set forth herein.

22. The Trustee is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code, or alternatively pursuant to section 548(b) of the Bankruptcy Code.

23. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers from the Defendant, plus interest thereon to the date of payment.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendant (i) declaring that the Trustee may recover the Transfers from the Defendant for the benefit of the Affiliated Debtors' bankruptcy estates pursuant to section 550(a) of the Bankruptcy Code; (ii) ordering the Defendant to pay the Trustee the aggregate amount of the Transfers, plus all interest thereon to the date of payment; and (iii) granting the Trustee all other just and proper relief.

## COUNT IV
### (For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and 550)

24. The Trustee restates and realleges the allegations contained in paragraphs 1 through 23 above, as if fully set forth herein.

25. Section 502(d) of the Bankruptcy Code provides that, unless an entity from which property is recoverable under section 550 of the Bankruptcy Code or that is a transferee of a transfer avoidable under sections 547 or 548 of the Bankruptcy Code turns over any such property for which such entity or transferee is liable under section 550 of the Bankruptcy Code, any claims of such entity or transferee shall be disallowed.

26. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of the Defendant and/or its assignee that has previously been allowed in the Affiliated Debtors' bankruptcy cases must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers.

27. The Defendant has not paid or surrendered the Transfers to the Trustee.

5

Therefore, any claim that the Defendant has filed in this case or otherwise asserts against the Affiliated Debtors must be disallowed.

**WHEREFORE**, the Trustee requests judgment in her favor and against the Defendant (i) disallowing any and all claims of the Defendant against the Affiliated Debtors' bankruptcy estates pursuant to sections 502(d) and 550 of the Bankruptcy Code; (ii) reconsidering and disallowing any previously allowed claims of the Defendant against the Affiliated Debtors' bankruptcy estate pursuant to sections 502(j) and 550 of the Bankruptcy Code; and (iii) granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By: */s/ Meredith R. Theisen*
　　Meredith R. Theisen

Meredith R. Theisen (Atty. No. 28804-49)
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 634-0300
Fax: (317) 263-9411
Email: mtheisen@rubin-levin.net
Attorneys for Deborah J. Caruso, Trustee

\\Pa1\data\WP80\TRUSTEE\Caruso\ITT Avoidance Actions - 86700001\Defendants\Service Express Inc.-86700248\Drafts\Complaint - draft.docx